JACOB KENT, Jr. *v.* THOMAS HANCOCK.

The report of an auditor is not to be set aside if he comes to the result by inferring a fact which he might legitimately infer from the evidence.

THIS was an action of book account. Judgment to account was rendered in the county court, and an auditor was appointed, who reported, that the plaintiff resided at Wells

River village, near the north line of Orange county, and was, a deputy sherriff, and the defendant was the toll gatherer at Wells River bridge, distant half a mile from the village; that the defendant had instructions from the directors of the bridge company to take no bills except of banks in the vicinity, or such as he knew to be good, a departure from which was to be at the defendant's risk; that in the winter of 1835, a stranger wishing to pass the bridge, presented to the defendant a five and a ten dollar bill, out of which to have the toll taken; that the defendant declined changing either bill, but permitted the man to pass on his assurance of leaving the money at the tavern near by; that on calling soon after at the tavern, the defendant found that no money had been left; that thereupon he requested the plaintiff to take his horse and sleigh and go with the defendant in pursuit of the man, which the plaintiff did; that they overtook the man at Ryegate, four miles from Wells River, who offered in payment a Canada bill of ten dollars, and a New York bill of five dollars, saying that he had no other money; that the defendant said he had no money to make the change, and the plaintiff at defendant's request, took the five dollar bill, and gave the change, the defendant at the time, remarking to the stranger that if the bill was not good he (the defendant) should pursue him; that on returning to Wells River, the bill so taken proved to be counterfeit; that thereupon, by the direction of the defendant, a pursuit of the man, by the plaintiff, was concluded on, but nothing was said by either about payment or remuneration; that a complaint was made and a warrant procured, and the plaintiff pursued the man and overtook him at Wolcott, in the county of Orleans, where he was arrested by the constable of that town and by him, and a deputy sheriff of Caledonia county, was conveyed to the line of Orange county, whence the plaintiff took him to Wells River, the place of trial; that on arriving at Wells River the respondent gave good money for the bad bill, and it being thought advisable not to hold him to answer further, the grand juror, who signed the complaint, entered a *nolle prosequi;* that, some months afterwards, the plaintiff presented his account for his services and expenses in the pursuit, to the defendant, and the defendant referred him to the directors of the bridge corporation, saying it belonged to them to pay it;

but they, on being requested, refused to pay it; that plaintiff's account was for his time and expenses in the pursuit while in the counties of Caledonia and Orleans; that it did not appear whether the items were presented or allowed by the justice before whom the process was returnable, or whether they were embraced in the charges of fees of the officers from the other counties.

The auditor decided that the plaintiff was the defendant's agent in pursuing the stranger, wherever plaintiff's authority as an officer ceased, and, as such agent, had power to do whatever he thought necessary (exercising a sound discretion) to arrest the person charged with passing the counterfeit bill, and that nothing in the plaintiff's account appeared unnecessary or extravagant, and allowed the amount thereof, being $11.18, and interest thereon, as the balance due from the defendant to the plaintiff. The defendant objected to the acceptance of the report, but the county court overruled the objections, accepted the report and rendered a judgment thereon for the plaintiff to recover against the defendant the amount found due by the auditor, and the defendant excepted to the decision.

*E. Farr* and *L. B. Peck*, for defendant.

We insist that the defendant is not liable for the plaintiff's account. The plaintiff having pursued the person passing the bill under a warrant, obtained on the complaint of the informing officer of the government, although at the solicitation of the defendant, the state was liable to the plaintiff for all services and expenses incurred in executing the warrant. He should have looked to the state for payment, and seen that his account was allowed.

The law, under such circumstances, will not raise a promise. The defendant can only stand as collaterally liable. Before the plaintiff can look to the defendant for payment, it should appear that he has failed of obtaining payment from the state's treasury, on due application. This is the most favorable light in which the plaintiff's case can be put. If it appeared that this were a *private* prosecution, promoted by the defendant, the case would stand on a different footing. *Wires* v. *Briggs*, 5 Vt. Rep., 101.

ORANGE,
March,
1841.

Woodworth
v.
Downer &
Washburn.

*A. Underwood,* for the plaintiff, contended that the report shows that the plaintiff rendered the services at the defendant's request, and that the law would therefore imply a promise on the part of the defendant to pay therefor. He further insisted that the plaintiff was the agent of the defendant when his power as an officer ceased; and that the plaintiff was under no obligation, as an officer, to go out of the county in pursuit of the man charged with passing the counterfeit bill, the latter being out of the county when the warrant issued. Having done so at the defendant's request, the plaintiff was entitled to recover.

The opinion of the court was delivered by

WILLIAMS, Ch. J.—There does not appear to be any question of law involved in the decision of the auditor which calls for the attention of this court. The auditor might infer, from the evidence, that the pursuit of the man, who passed the counterfeit bill, was undertaken by the plaintiff at the request and by the direction of the defendant. This inference would be strong from the fact that the defendant referred the plaintiff to the directors of the bridge corporation for his pay. If the auditor was satisfied, from the evidence, that it was understood by the plaintiff and defendant that the journey was undertaken at the defendant's request and for his benefit, there was no error in reporting in favor of the plaintiff.

The judgment of the county court is affirmed.