Bacon v. Vaughn.

---

### EZRA BACON *v.* THOMAS F. VAUGHN.

*Evidence.   Auditor.   Book Account.*

The entries of a deceased Clerk made upon the books of the master in the usual course of business, are evidence in favor of the master against a third person.

Nor does it make any difference that neither of the parties have any present recollection as to the subject matter of such entries.

The weight, that should be given to such evidence, is exclusively a matter for the consideration of the Auditor.

When the Auditor reported that certain items of account presented before him by each party were not charged by either of them at the time they accrued, but that they were considered and made even by them at the time, it was held that the finding of the Auditor must be treated as conclusive.

BOOK ACCOUNT. Among other things the auditor reported, that the plaintiff and defendant presented and claimed pay on two accounts. So far as they accrued at all, they arose from the receipts and disbursements of the respective parties, on

account of a tract of land which they owned as tenants in common.    The parties were both men of extensive business, and were in the habit of keeping regular accounts, but their transactions in relation to such common property were never entered upon their books on either side, and the accounts in question were made up at or about the time of their accounting before the auditor, and, from the other evidence in the case, the auditor found that said transactions were adjusted and made even between the parties from time to time and at and about the times when they accrued, and that neither party was, at the time of hearing indebted to the other on account of them.

The defendant claimed pay among other items for one as follows :

"March 6th,  Chopping 8 cords of wood    -    -    5 00."
In respect to which the auditor reported that neither of the parties had any recollection of the performance of this service, and the only evidence upon which it was allowed, was, that it appeared regularly entered upon the defendant's book in the hand writing of a deceased clerk of the defendant, in the ordinary course of business.

The plaintiff filed exceptions to the auditor's report, which sufficiently appear in the opinion of the court.

The exceptions were overruled by the county court, and judgment was rendered on the auditor's report for the defendant, to which the plaintiff excepted.

*R. R. Thrall*, for the plaintiff.

*Wm. C. Kittridge*, for the defendant.

Kellogg, J.   In this cause, the defendant filed his declaration on book account against the plaintiff, in offset, under the statute ; and the questions now made arise on exceptions taken by the defendant to the report of the auditor in this cross action of book account.

The defendant excepted to the decision of the auditor allowing a charge of five dollars in the account of the plaintiff against the defendant " for chopping eight cords of wood."    In respect

to this charge, the auditor's report states that neither of the parties had any recollection of the performance of this service, and that the only evidence upon which it was allowed was that it appeared to have been regularly entered on the plaintiff's account book, in the hand-writing of a deceased clerk of the plaintiff, in the ordinary course of business. Unless this evidence is to be treated as having no tendency to prove the charge, the decision of the auditor is to be regarded as conclusive, and not open to revision or exception ; and the only question which can now be raised upon this part of the case is whether the evidence had any tendency to support the charge. In the action on book account, the original books of the parties have always been regarded as instruments of evidence, and are so recognized by the statute. The fact that the entry of this charge was made by a person in the plaintiff's employment, whose appropriate business it was to make entries on the plaintiff's books in the ordinary course of business, serves to give character to it, and entitles it to be taken into consideration as evidence. 1. Greenl. Ev. Sec. 117. In the case of *Cummings & Manning* v. *Fullam*, 13 Vt. 434, it was held that entries of this character were admissible as evidence although made by *living* clerks, who were not produced as witnesses. From the necessity of the case, the reason for the admission of such evidence is much stronger in the case of an entry made by a *deceased* clerk. In *Pitman* v. *Maddox*, Lord Raym. 732, (2 Salk. 690, S. C.,) in an action upon a tailor's bill, a shop book was produced, written by one of the plaintiff's servants who was dead ; and, upon proof of the death of the servant, and that he used to make such entries, it was allowed to be good evidence of the delivery of the goods, and HOLT, C. J., said this was as good proof as the proof of a witness' hand (who was dead,) subscribed to a bond. We have no doubt that the auditor was justified in receiving and considering this evidence, and if there were any facts or considerations which would detract from the weight or character which would otherwise be given to it, they should have been submitted to his consideration on the hearing before him. No principle is more familiar, or better settled, than that when any evidence is given before an auditor which has a legal tendency

to prove a fact in controversy before him, his decision upon the weight and sufficiency of the evidence is as conclusive as the finding of the facts by the court, or by the verdict of a jury, would be, and it cannot be made the ground of an exception to his report. It is not within the province of the county court, or of this court, to revise the decision of an auditor in respect to the weight and sufficiency of competent legal evidence, and we think that this exception does not rest on any ground which is tenable. It can make no difference whether the auditor came to his result upon direct and positive testimony, or by inferring facts which might be legitimately inferred from the evidence in the case. In either point of view, his decision does not furnish matter for exception. *Kent* v. *Hancock*, 13 Vt. 519.

The defendant also excepted to the report of the auditor, for the reason that the auditor rejected that part of the defendant's account against the plaintiff, which accrued from transactions between them on account of a tract of land which they owned as tenants in common. The statement in the defendant's exceptions, that there was no evidence before the auditor tending to prove the facts found and reported by him in respect to the subject matter of this exception, is not only unsupported by the report of the auditor, but it is wholly inconsistent with the statements of the report. For aught that appears from the report, the decision and findings of the auditor in reference to the subject of this exception rested upon competent and sufficient evidence ; and this should be presumed until the contrary is properly shown. We find no question of law arising upon the report in this particular.

No other exceptions were taken by the defendant to the report of the auditor ; and these exceptions having, in our opinion, been properly overruled, the judgment of the county court in favor of the plaintiff on the report is affirmed.