## E. G. AND S. C. GREENE v. LANSING MILLS' ESTATE.

*Book Account. Original Entries as Evidence.*

In an action against a deceased person's estate, the plaintiffs' accounts on book, with proof of the handwriting and when made, are evidence under the statute (R. L. s. 1004), tending to show a sale and delivery of the goods in dispute; and the auditor's decision as to how much weight should be given to them, and whether they are sufficient to entitle the plaintiff to recover, is conclusive.

BOOK ACCOUNT. Heard on an auditor's report and exceptions thereto, September Term, 1887, POWERS, J., presiding. Judgment for the plaintiffs.

The second exception to the report was as follows : " Because the auditor in allowing plaintiffs' account, considered that the plaintiffs' account book, with the testimony of E. G. Greene as to the handwriting and when made, were alone legally sufficient, if uncontradicted, to sustain the plaintiff's claim."

As to the testimony of E. G. Greene, the exceptions stated : "And the plaintiff, E. G. Greene, testified that the entries were in the handwriting of one Ballard, who was a clerk for the plaintiffs in their store at the time the entries were made ; and, against the objection of the defendant, he also testified that the entries on the day-book were made at the time they bear date."

The other facts appear in the opinion.

*Noble & Smith* and *H. Charles Royce*, for the defendant.

The account books of the plaintiffs, with the testimony of

the handwriting, did not constitute in law a *prima facie* case; they were not alone "legally sufficient, if uncontradicted, to sustain the plaintiffs' claim." *Hunter* v. *Kittridge's Est.* 41 Vt. 359. The auditor comes in direct conflict with the above case; for though he finds that the account "is correct and ought to be allowed," he reaches that finding by applying the rule, which, as a rule of law, was there expressly condemned. The expression "legally sufficient, if uncontradicted," means precisely the same as "*prima facie* evidence." *Kelly* v. *Jackson*, 6 Pet. 722.

It is plain from an examination of the report that, independently of the application of this rule, the auditor has not found that the plaintiffs are in fact entitled to recover. Except the general finding he does not find any facts in their favor.

He says that the day-book in which the items of their account was originally entered "appeared to have been regularly and fairly kept," and that the "items of said account appeared to have been regularly entered, etc." This is not finding that the book *was* regularly kept, etc. As this court said in *Hunter* v. *Kittridge's Estate*, "The book upon its face may appear regular and correct, and yet every charge on it be false." It is an auditor's business, as much as it is a jury's, to find how things *are*, not how they *seem*.

If the fact that charges made with apparent regularity in a merchant's book are evidence that credit was given, delivery made to the deceased, and all other facts that might be material to the establishment of a claim, then indeed an estate would become an easy prey to dishonest men. *Dwinell* v. *Potter*, 31 Me. 324.

*Farrington & Post*, for the plaintiffs.

There was no error in the findings of the auditor. But the fact charges stand upon the book, and the book is proved, does not necessarily bind the auditor to treat the book as *prima facie* evidence that the charges upon it are true. In order to justify the auditor in allowing any disputed charge, he should

find as *matter of fact* that the charge is correct, and the defendant is still indebted for the same; and the auditor would not be justified in allowing any disputed charge upon proof of the book unless he is also satisfied from *such proof*, or other proof, that the defendant had the property, or services so charged to him. The auditor should be convinced by a fair balance of the evidence; and in this case the books and the testimony of E. G. Greene, were alone legally sufficient; the auditor was fully satisfied what the fact was, and had previously found it.

But we are not left here by the auditor; he has found the fact from this testimony, and some slightly corroborative circumstances.

If there was any proper evidence tending to prove the facts found, no exception can prevail,

The opinion of the court was delivered by

TYLER, J. Section 1004 of the Revised Laws provides that: "In actions of book account and when the matter in issue and on trial is proper matter of book account, the party living may be a witness in his own favor so far as to prove in whose handwriting his charges are and when made." * * *

In the case of *Hunter* v. *Kittridge's Estate*, 41 Vt. 359, which is relied upon by counsel on both sides of this case, the auditor erroneously decided, as matter of law, that the production of the books of account of the deceased, with proof of the handwriting of the charges therein, and when made, was *prima facie* evidence of the correctness of the charges and of a subsisting indebtedness.

In this case the auditor reports that the plaintiffs presented their account, that upon this testimony he found the account was correct and ought to be allowed, and that he accordingly allowed it. He then states what the evidence was, upon which he allowed it; namely, the plaintiffs' day-book, upon which the items contained in said account were originally written, which book appeared to have been regularly kept and the items

of the account to have been regularly entered thereon to the debit of the deceased at the time of their respective dates, with proof that the handwriting was that of a clerk of the plaintiffs, and that the charges were made at the time of their respective dates; also, that the plaintiffs put in evidence two ledgers containing the amount in question transferred thereto from said day-book. He adds that there was no other evidence in the case in support of the plaintiffs' claim except some slightly corroborative circumstances. It is clear from the whole report that the auditor found as a fact from the evidence that the goods were sold and delivered by the plaintiffs to the deceased, in his lifetime, as charged in said book. It is true that by request of the defendant the auditor states " that in his consideration of the case he was of the opinion that said account-books, with the testimony of E. G. Greene, above recited, were alone legally sufficient, if uncontradicted, to sustain the plaintiffs' claim"; but in view of what he had before stated in his report, he evidently meant by this statement that he felt legally warranted, upon this evidence alone, in finding for the plaintiffs to recover the amount of their account.

In this class of actions, accounts on books, accompanied with proof of the handwriting and when made, are always regarded as evidence, are in fact made evidence by statute, and are entitled to some weight as testimony to show a sale and delivery of the goods sought to be recovered for. How much weight they should receive, whether or not they are sufficient to make a *prima facie* case for the plaintiff, must rest wholly in the judgment of the triers of the fact. Certainly no rule of law could be laid down by which their weight could be determined. The case of *Bacon* v. *Vaughn*, 34 Vt. 73, and *Hunter* v. *Kittridge's Estate*, above cited, are both full authorities on this point.

The auditor properly received this evidence, and his decision as to its sufficiency to entitle the plaintiffs to recover is conclusive. The judgment of the County Court is therefore affirmed.